UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DANIEL MACHUCA, MIGUEL PACHECO
and CRISTIAN ASITIMBAY,
*on behalf of themselves, FLSA Collective
Plaintiffs and the Class*,

                                  Plaintiffs,

      - against -

VILLAGGIO CATERING CORP., L SANO
CORP., JOSEPH LOCCISANO, ROSE
LOCCISANO, AND DOMINICK
LOCCISANO,

                                  Defendants.
----------------------------------------------------------X

**ORDER**

14 CV 3508 (CLP)

On June 4, 2014, plaintiffs Daniel Machuca, Miguel Pacheco and Cristian Asitimbay filed this action, pursuant to Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), Sections 198 and 663 of the New York Labor Law, and Title 12, Sections 142-2.2 and -2.4 of the New York Compilation of Codes, Rules and Regulations, seeking damages from defendants Villaggio Catering Corp., L Sano Corp., Joseph Loccisano, Rose Loccisano, and Dominick Loccisano, for unpaid minimum wages, overtime compensation and spread of hours compensation, as well as interest and attorney's fees.

On August 31, 2015, a telephone conference was held before the undersigned where the parties indicated that they were close to resolving the case. On September 1, 2015, the parties consented to proceed before the undersigned. Thereafter, on November 16, 2015, the parties indicated that they had reached a resolution of the action and requested that the undersigned endorse a joint stipulation of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). In light of the Second Circuit's recent clarification that judicial approval is required to effectuate

the settlement of a plaintiffs' claims under the FLSA, see Cheeks v. Freeport Pancake House, Inc., No. 14 CV 299, 2015 WL 4664283 (2d Cir. Aug. 7, 2015), the Court scheduled a hearing for January 5, 2016 to determine the fairness of the settlement. The parties briefed the issue in advance of the hearing.

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiffs' claims, considering the amounts received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in protracted arms' length negotiations between experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Indeed, having supervised the case and having become familiar with the facts of the case through several settlement discussions, this Court is cognizant of the many issues that would require further discovery and the risks of litigation if the case were to proceed, particularly in light of the financial constraints facing defendants.

Accordingly, having reviewed the Settlement Agreement and the Application for Approval of Proposed FLSA Settlement Agreement, the Court finds that the proposed settlement of the plaintiffs' claims is fair and reasonable and hereby approves the settlement.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 6, 2016

/s/ Cheryl Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York